I respectfully dissent.
Prejudgment interest in tort cases is authorized pursuant to R.C. 1343.03 (C) (1). In relevant part, that section reads:
 * * * interest on a judgment * * * rendered in a civil action based on tortious conduct and not settled by agreement of the parties shall be computed from the date the plaintiff gave the defendant written notice in person or by certified mail that the cause of action accrued until the date that the judgment * * * is rendered or from the date the plaintiff filed a complaint to commence the civil action until the date that the judgment * * * is rendered, whichever time is longer, if, upon motion of any party to the civil action, the court determines at a hearing held subsequent to the verdict or decision in the civil action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.
In several relevant cases, the court has addressed the issue and established guidelines when this kind of award should be made. The test has been catalogued in Kalain v. Smith (1986),25 Ohio St.3d 157, where the court stated in its syllabus:
 A party has not "failed to make a good faith effort to settle" under R.C. 1343.03 (C) if he has (1) fully cooperated in the discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer.
Further, in Moskovitz v. Mt. Sinai Medical Center (1994), 69 Ohio St.3d 638, the court stated in paragraph two of its syllabus:
 In prejudgment interest determinations pursuant to R.C. 1343.03 (C), the phrase, "failed to make a good faith effort to settle" does not mean the same thing as "bad faith."
In Kalain, supra, the court stated at 159, "[t]he decision as to whether a party's settlement efforts indicate good faith is generally within the sound discretion of the trial court."
Thus, the relevant consideration in connection with prejudgment interest concerns whether the party seeking the award did not fail to make a good faith effort to settle and whether the party making the payment made a good faith effort to resolve the case.
Here, appellee demanded $100,000 to settle the case. Believing that an extreme demand, appellant waited, but at the discovery cut-off, offered $15,000; at the final pre-trial, when appellee demanded $60,000, appellant increased his offer to $18,000, and on the first day of trial, offered $25,000 to settle the case, but appellee rejected that offer. When-the jury returned a $20,000 verdict, appellee sought prejudgment interest. The sequence of demands and offers in this case demonstrates that appellant correctly evaluated the case while appellee unrealistically made demands far in excess of the case value. The majority opinion recites the conclusion that "* * * appellant obviously did not rationally evaluate his risks and potential liability * * *," but the facts reflect this is a more appropriate description of the appellee who made the unrealistic demands ignored by the appellant.
Further, the majority references appellant's failure to cooperate with discovery causing the necessity of a motion to compel. What the majority left out of its opinion, however, is the request for sanctions sought by appellee in connection with that motion and the court's denial of those sanctions. Now, despite the fact the original trial judge did not see fit to award sanctions for this allegedly egregious behavior, the majority seizes upon it as a basis to affirm the visiting trial judge's award of prejudgment interest. If the judge who ruled on the request for sanctions denied an award, how can that conduct serve as a basis to award prejudgment interest?
Next, appellant is penalized for "taking the case all the way to trial" (which is his right), and is criticized for "lack of any evidence to support a defense to liability." The burden of proof rests with the claimant to establish a prima facie case of negligence. Prejudgment interest should not be awarded for "taking a case all the way to trial" or for lacking evidence to support a defense. The test is a two-part evaluation: that the party required to pay failed to make a good faith effort to settle, and the party to whom the money is to be paid did not fail to make a good faith effort to settle. Here, it appears to me that one party realistically evaluated the case and one party did not.
Concern about delay in this case should be resolved by looking at facts: the accident occurred on December 23, 1994; appellee filed it two years later on December 23, 1996, and the court tried the case about fourteen months later, in February 1998 — the bulk of the delay belongs to appellee, who delayed in filing the case. This is no basis to award prejudgment interest against appellant.
In my view, this is a case about an offeror who properly evaluated the case and an offeree who mis-evaluated its case. Where demands of $100,000 and $60,000 had been made, and where offers of $15,000, $18,000, and $25,000 had been rejected, to grope for a basis to award prejudgment interest after a jury returned a $20,000 verdict, is in my mind an abuse of discretion. Thus, I would reverse the judgment of the trial court in this case.